UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYRIL KENDALL, | |
| Plaintiff, | REPORT AND RECOMMENDATION |
| - against - | |
| | 03 Civ. 1618 (GBD) (RLE) |
| DR. ADRIAN VIVES, et al., | |
| Defendants. | |

To the HONORABLE GEORGE B. DANIELS, U.S.D.J.:

## I. INTRODUCTION

*Pro se* plaintiff, Cyril Kendall ("Kendall"), commenced this action pursuant to 42 U.S.C. § 1983 on March 10, 2003, against defendants Adriana Vives ("Vives"), Shaid Nawaz ("Nawaz"), Frank Squallente ("Squallente"), New York City Health and Hospital Corporation ("NYCHHC"), New York City Department of Corrections ("DOC"), and Correctional Health Services ("CHS") for deliberate indifference to his serious medical needs under the Eighth and Fourteenth Amendments. He claims that during his incarceration in the correctional facility at Rikers Island ("Rikers") defendants 1) failed to provide him with medication prescribed by doctors at Elmhurst Hospital; 2) failed to conduct a Magnetic Resonance Imaging ("MRI") scan and diagnostic test; and 3) used him as a research patient without his consent. On September 27, 2006, I recommended that defendants' motion for summary judgment be granted to defendants on all but one of Kendall's claims– the claim of medical indifference for Vives's failure to discontinue the prescription of a blood pressure medication, Vasotec, that caused a severe allergic reaction in Kendall. I found that Kendall's medical condition caused by Vasotec was sufficiently serious to implicate the Eighth Amendment, and that there was a triable issue of fact

as to the subjective culpability of the doctor at Rikers, which precluded the granting of summary judgment on Kendall's claim of medical indifference.

Defendants timely objected to the recommendation to deny summary judgment on Kendall's claim of deliberate indifference under 42 U.S.C. § 1983, and filed newly submitted evidence, including an affidavit by Vives, and Kendall's complete medical file.  *See* Defendant's Objection Letter ("Def. Obj."), Affidavit of Dr. Adriana Vives ("Vives Aff."), and Medical Records of Cyril Kendall ("Med. Rec.") attached to Vives's Affidavit.  Judge Daniels adopted the portions of the Report and Recommendation ("R & R") against which no objections had been raised, and granted partial summary judgment for the defendants.  Order of January 5, 2007 ("Order") at 9.  He referred the disposition of Kendall's § 1983 claim alleging deliberate indifference by Vives as a renewed motion for summary judgment because of the newly-submitted evidence.  Kendall was given an opportunity to respond to the new evidence.  **Id**. at 9-10.  For the following reasons, I recommend defendants' renewed motion for summary judgment be **GRANTED**.

## II. DISCUSSION

The procedural posture and facts of this case are detailed in this Court's prior R & R, familiarity with which is assumed.

A.    **Deliberate Indifference to Serious Medical Needs**

1.    **The Legal Standard**

A claim for deliberate indifference to serious medical needs, when brought by a pretrial detainee such as Kendall, implicates the due process rights guaranteed by the Fourteenth Amendment.  Claims under the Fourteenth Amendment are measured by the same standard as

those under the Eighth Amendment.  **Bryant v. Maffucci**, 923 F.2d 979, 983 (2d Cir. 1991).  The Eighth Amendment prohibits the infliction of cruel and unusual punishment.  In order to prevail on a § 1983 action for inadequate medical care, Kendall must prove deliberate indifference to a serious medical need.  **Estelle v. Gamble**, 429 U.S. 97, 106 (1976); **Chance v. Armstrong**, 143 F.3d 698, 702 (2d Cir. 1983).  The standard for deliberate indifference includes both an objective and subjective component.  "Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists.  Subjectively, the charged official must act with a sufficiently culpable state of mind."  **Hathway v. Coughlin**, 99 F.3d 550, 553 (2d Cir. 1996).  An assertion of pain alone, unaccompanied by medical complications, does not amount to a serious medical need under the Eighth Amendment.  **Lewis v. McGraw**, 2005 WL 3050306, *8 (S.D.N.Y., Nov. 14, 2005).

   While medical malpractice does not constitute a constitutional violation simply because the patient is a prisoner, **Estelle**  429 U.S. at 106, "certain instances of medical malpractice may rise to the level of deliberate indifference; namely, when the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces a conscious disregard of a substantial risk of serious harm."  **Hathaway**, 99 F.3d. at 553 (internal quotations and citation omitted).

   **2.   Kendall's Medical Need is Sufficiently Serious**

   Defendants' first ground for objection is that Kendall did not produce sufficient evidence to create an issue of fact regarding the urgency or cause of his alleged allergic reaction.  Def. Obj. at 4.  In order to prevail on a § 1983 action for inadequate medical care, Kendall must show that

3

his medical need is sufficiently serious to give rise to liability under the Eighth Amendment. **Chance**, 143 F.3d at 702.  This Court found that Kendall demonstrated a sufficiently serious medical need, and Judge Daniels agreed.  Order at 6.

### 3. The Newly-Submitted Evidence Demonstrates that There Is No Issue of Fact as to Vives's Mental Culpability

Defendants' second objection is that there is no issue of fact regarding the mental culpability of Vives.  Def. Obj. at 6.  The subjective prong of the deliberate indifference standard requires that Kendall prove that defendants had the requisite culpable state of mind.  **Estelle**, 429 U.S. at 106 .  Kendall must demonstrate that defendants knew of, and disregarded, his serious medical needs.  **Chance**, 143 F. 3d at 703.  The fact that a prisoner might prefer a different treatment, or disagrees with a form of treatment, does not create a constitutional violation, as long as the treatment given is adequate.  **Id**.  Similarly, negligence, even if it rises to the level of medical malpractice, does not constitute a constitutional violation by itself.  **Id**.  However, instances of  medical malpractice may rise to the level of deliberate indifference where a prison official consciously disregards a substantial risk of serious harm.  **Id**.   The Supreme Court has explained that "deliberate" requires nothing more than an act or omission of indifference to a serious risk that is voluntary, not accidental.  **Farmer v. Brennan**, 511 U.S. 825, 838 (1994).

Defendants claim that the Court's conclusion that there is an issue of fact regarding Vives's subjective culpability is based on an incorrect factual premise.  Def. Obj. at 6. Defendants object to the finding that defendants failed to explain why Vives continued to prescribe Vasotec to Kendall for forty-six days after he was hospitalized for having a severe allergic reaction to it.  They argue that the newly-submitted evidence demonstrates that Vives

4

discontinued prescribing Vasotec to Kendall as soon as she became aware he was allergic to it. **Id**. Based on this new evidence, the Court agrees. Vives explains in her affidavit that on January 7, 2003, Kendall informed her that he was verbally advised by a doctor at Elmhurst that he should not take Vasotec. Vives Aff. at 6. That same day, in response to Kendall's request, Vives made a note of the discontinuance in his medical file, and filled out a form to discontinue Vasotec. **Id**. Vives states that Kendall continued to receive HCTZ for his high blood pressure. **Id**. Vives affirms that she tested Kendall's blood pressure on February 3, 2003, where it was at a manageable level; on February 4, 2003, when it was a little higher than normal level, and on February 5, 2003, when Kendall complained of dizziness and she prescribed Metroprolol. **Id**. at 6-7. On February 21, 2003, the consult from Elmhurst Hospital was located and it stated that Kendall's allergic reaction could have been caused by Vasotec and/or HCTZ, and recommended prescription of Metroprolol (Lopressor) and Norvasc. **Id**. at 7. On February 21, 2003, Vives discontinued HCTZ and prescribed Norvasc. **Id**.; *see* Med. Rec. at 0105. Kendall's medical records demonstrate that, contrary to his assertion that Vives continued to prescribe Vasotec until February 20, 2003, Kendall's Response to Objections ("Kendall's Resp.") at 4, she discontinued the prescription of Vasotec on January 7, 2003. Kendall's medical chart included in his medical records shows a notation to "D/C Vasotec" signed by Vives on that date. *See* Med. Rec. at NYC 00043. Additionally, Kendall's records include a Medication Order Sheet that contains an entry for January 7, 2003, in which Vives wrote "D/C Vasotec." **Id.** at NYC 00126.

      While Kendall argues that Vives continued prescribing Vasotec until February 20, 2003, stopped for a week and continued prescribing it for an additional eight months, this assertion is not supported by the record. Kendall's Resp. at 4. The Court finds that Vives was aware of

5

Kendall's serious medical needs, but did not disregard them.  The evidence demonstrates that Vives treated Kendall continuously during his incarceration.  Specifically, his medical records show that Vives discontinued medication that was harmful to him on the day she became aware of the adverse reaction, and monitored his progress until she prescribed different medication.  Vives did not consciously disregard a serious risk to Kendall's medical needs, and therefore did not have the requisite state of mind to rise to a level of medical indifference under the Eighth Amendment.  Therefore, I recommend the renewed motion for summary judgment be **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, I recommend that defendants' renewed motion for summary judgment be **GRANTED**.  Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 630, and to the chambers of the undersigned, 500 Pearl Street, Room 1970.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See* **Thomas v. Arn**, 474 U.S. 140, 150 (1985); **Small v. Secretary of Health and Human Services**, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: February 21, 2007
New York, New York

Respectfully Submitted,

*[signature]*

The Honorable Ronald L. Ellis
United States Magistrate Judge

Copies of this Report and Recommendation were sent to:

Cyril Kendall
03-A-5083
Green Haven Correctional Facility
P.O. Box 2001
Stormville, NY 12582

Brian K. Morgan
Assistant Corporation Counsel
The City of New York
Law Department
100 Church Street
New York, NY 10007