UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                                    :

CYRIL KENDALL,                              :

                  Plaintiff,                :

                                                    :         03 CV 1618 (GBD)

         - against -                    :

                                                    :               <u>ORDER</u>

ADRIANA VIVES et. al.,                :

                  Defendants.             :

------------------------------------- x

GEORGE B. DANIELS, District Judge:

    *Pro se* prisoner, Cyril Kendall, filed this action under 42 U.S.C. § 1983 alleging that defendants, including Dr. Adriana Vives ("the doctor") in the Clinic at the North Infirmary Command, were deliberately indifferent to his serious medical needs under the Eighth and Fourteenth Amendments during his incarceration on Riker's Island. At the close of discovery, defendants moved for summary judgment on all of plaintiff's claims, and the case was referred to Magistrate Judge Ronald L. Ellis for a Report and Recommendation ("First R&R"). In the First R&R, Magistrate Judge Ellis recommended that summary judgment be granted on plaintiff's claim against all defendants except the doctor, because defendants offered no evidence to explain why she apparently continued to administer a medication to which plaintiff showed a severe negative reaction when alternative medication was available.

    Defendants objected to the recommendation that summary judgment be denied on the claim against the doctor. In their timely objections to the First R&R, they submitted an affidavit from the doctor, which explains in detail the treatment she administered to plaintiff during his incarceration on Riker's Island. The Court adopted all portions of the First R&R to which no objections were made and treated defendants' objections with the new affidavit as a renewed

motion for summary judgment. The case was referred back to Magistrate Judge Ellis for disposition of plaintiff's remaining claim alleging deliberate indifference by the doctor. Plaintiff was also given an opportunity to respond to the new evidence.

On February 21, 2007, Magistrate Judge Ellis issued a Second Report and Recommendation ("Second R&R") recommending that defendants' renewed motion for summary judgment be granted. The Second R&R Report advised the parties that failure to file timely objections would constitute a waiver of objections. When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted). Neither party has filed objections directed against the recommendation of the Second R&R granting summary judgment to defendants on plaintiff's remaining claim of deliberate indifference against the doctor.

It is not required that the district judge conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). The district judge, in the exercise of sound judicial discretion, must determine the extent, if any, it should rely upon the magistrate judge's proposed "findings and recommendations." Raddatz, 447 U.S. at 676. The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

In the Second R&R, Magistrate Judge Ellis determined that although plaintiff's medical need was sufficiently serious to give rise to liability under the Eight Amendment, the newly-submitted evidence demonstrates that there is no issue of fact as to the doctor's mental culpability. The doctor's affidavit, including its explanation of plaintiff's medical file entries,

shows that she discontinued prescribing Vasotec, the drug alleged to have caused plaintiff's serious health condition, as soon as she became aware of his alleged reaction to it. She replaced Vasotec with Metroprolol, another drug to treat his high-blood pressure. When she learned that another of plaintiff's medications, HCTZ, could also cause his health condition, she replaced that drug with Norvasc. Furthermore, the doctor's treatment of plaintiff was continuous, and she was reasonably responsive to his medical needs. The standard for deliberate indifference requires both an objective showing of plaintiff's urgent medical need and a subjective showing of the charged official's culpable mental state. Hathaway v. Coughlin, 37 F.3d 63, 67 (2d Cir. 1994). Because the doctor did not consciously disregard a serious risk to plaintiff's medical needs, plaintiff's burden to prove deliberate indifference cannot be met.

      This Court finds no clear error on the face of the record. The newly submitted affidavit of the doctor demonstrates that no issue of fact remains regarding the doctor's subjective culpability. The record shows that the doctor was aware of plaintiff's serious medical needs, and was responsive to them. The doctor did not consciously disregard a serious risk to plaintiff's medical needs, and therefore did not have the requisite state of mind needed under the deliberate indifference standard.

The Second R&R Report is adopted. Defendants' renewed motion for summary judgment on plaintiff's remaining claim alleging deliberate indifference by the doctor is hereby granted. This Case is dismissed in its entirety. The Clerk of the Court is hereby directed to close this case.

Dated: March 29, 2007
New York, New York

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge